# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| SHAWN WHITENIGHT, | ) | 16-cv-00552 |
|---|---|---|
| Plaintiff, | ) | **ELECTRONICALLY FILED** |
| v. | ) | |
| THOMAS ELBEL and DEPUTY NUNLEY, | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (DOC. NO. 50)

This prisoner civil rights suit was commenced on May 4, 2016, with the submission of a complaint and a petition to proceed *in forma pauperis* and was referred to United States Magistrate Judge Cynthia Reed Eddy for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrate Judges.

Defendants filed a Motion to Dismiss the Second Amended Complaint (Doc. No. 35) to which Plaintiff, Shawn Whitenight, responded in opposition (Doc. No. 41). The magistrate judge filed a report and recommendation ("R&R") on April 10, 2017, recommending that the motion be granted in part and denied in part. Further, it was recommended that pursuant to the authority granted courts by 28 U.S.C. §§ 1915(e)(2) and 1915A, Plaintiff's Equal Protection and Common Law Civil Conspiracy claims be dismissed for failure to state a claim upon which relief can be granted.

Plaintiff filed timely objections to the report and recommendation. (Doc. No. 62). Where, as here, objections have been filed, the court is required to make a *de novo* determination about those portions of the R&R to which objections were made. *See* 28 U.S.C. § 636(b)(1);

Fed.R.Civ.P. 72(b). The district court may accept, reject, or modify the recommended disposition, as well as receive further evidence or return the matter to the magistrate judge with instructions.

The Court finds that Plaintiff's objections to not undermine the recommendation of the Magistrate Judge. Plaintiff raises several objections, only one of which requires additional comment. The R&R recommended that Plaintiff's First Amendment claims be dismissed under *Heck v. Humphrey*, 512 U.S. 477 (1994), because the claim goes to the core of Plaintiff's conviction. As Plaintiff described in his response to the motion to dismiss, his "case is an abuse of process." Now, Plaintiff argues that his First Amendment claim is a retaliation claim – that "Defendants retaliated against the Plaintiff for his arrest by committing illegal wiretapping for personal and professional gains." Obj. at 7 (ECF No. 62). No where in the Second Amended Complaint does Plaintiff present his First Amendment claim in this fashion. Rather, the Second Amended Complaint states in pertinent part the following:

> 73. Defendant, Deputy Nunley's intentional reading of Plaintiff Whitenight's attorney-client conversations/ correspondence . . . constitutes invasion of attorney-client privacy under the First Amendment . . . .
>
> 77. . Defendant, Deputy Nunley's intentional violations of attorney work product . . . constitutes attorney-client work privacy violations under the First Amendment . . . .
>
> 80. Defendant, Deputy Nunley's improper information gathering . . . violates Plaintiff Whitenight's rights and constitutes attorney-client privacy under the First Amendment . . . .
>
> 86. Defendant, Thomas Elbel's intentional eavesdropping of attorney-client conversations . . . constitutes invasion of attorney-client privacy / custodial interference under the First Amendment . . . .
>
> 91. Defendant, Thomas Elbel's intentional invasion of attorney-client privacy . . constitutes invasion of attorney-client privacy under the First Amendment . . . .

2

> 95. Defendant, Thomas Elbel's improper information gathering . . . constitutes attorney-client privacy violations under the First Amendment . . . .

Based on these allegations, the R&R correctly stated that Plaintiff's claims assert that Defendants actions, *inter alia*:

> coerced him into pleading guilty because the prosecution listened to his jail telephone conversations with his attorney and had information which was improperly gleaned from eavesdropping and reading of his attorney file, in violation of the First and Fourteenth Amendments.

Report and Recommendation at 14.

The only claims of retaliation contained in the Second Amended Complaint relate to Warden Elbel's alleged delay / denial of medical care. *See* Second Amended Complaint, Paragraph 67. As the R&R explains, because this claim is the subject of a separate lawsuit filed with this Court at *Whitenight v. Elbel*, 2:16-cv-0646, the retaliation claim will not be addressed in this action.

Should Plaintiff desire to bring a claim asserting that Defendants "retaliated" against him "for his arrest by committing illegal wiretapping," he must file a motion for leave to file an amended complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure.

After *de novo* review of the pleadings and documents in this case, together with the Report and Recommendation, and the Objections thereto, the Court finds that the report and recommendation should be adopted as the opinion the Court. Accordingly, the following claims are dismissed with prejudice:

1. Plaintiff's request for injunctive and declaratory relief;

2. Plaintiff's request for monetary damages for mental anguish and emotional distress;

3. Plaintiff's claims under the First, Sixth, and Fourteenth Amendments are dismissed as barred under *Heck*;

4. Plaintiff's claims under the Fifth Amendment;

5. Plaintiff's claims under Article 1, Section 8 of the Pennsylvania Constitution;

6. Plaintiff's claims under the following federal statutes: The Stored Communications Act; the Federal Communications Act; and Fraud and Related Activity in Connection with Computers;

7. Plaintiff's claims under the following Pennsylvania criminal statutes: 18 Pa. C.S.A. § 4106(a)(1)(iv); 18 Pa. C.S.A. § 4113(a); 18 Pa. C.S.A. § 4116(b)(1)-(2), (d1)(1)-(3); 18 Pa. C.S.A. § 5742(a)(1)(i-ii) and (a)(3);

8. Plaintiff's claims for violation of the Equal Protection Clause; and

9. Plaintiff's claims for common law civil conspiracy.

The only remaining claims in this lawsuit are as follows: Plaintiff's Fourth Amendment claims, the Federal Wiretap Act claims, and the Pennsylvania Wiretapping and Electronic Surveillance Act claims.

It is further **ORDERED** that the Report and Recommendation (Doc. No. 50) is **ADOPTED** as the Opinion of the Court.

**AND IT IS FURTHER ORDERED** that Defendants shall file an Answer in accordance with Federal Rule of Civil Procedure 12(a)(4)(A).

This matter is referred back to Magistrate Judge Eddy for all further pretrial proceedings.

**SO ORDERED** this 19th day of May, 2017.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:   SHAWN WHITENIGHT
      LN8561
      175 Progress Dr.
      Waynesburg, PA 15370
      (via U.S. First Class Mail)

      Marie Milie Jones, Esquire
      JonesPassodelis, PLLC
      (via ECF electronic notification)

      Michael R. Lettrich
      JonesPassodelis PLLC
      (via ECF electronic notification)